IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> SAMUEL ADOLFO MUNGUIA-CORTES, <br><br> Defendant. | Case No. CR14-3009 <br><br> ORDER FOR PRETRIAL DETENTION |

On the 10th day of February, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Michael M. Lindeman.

## I. RELEVANT FACTS AND PROCEEDINGS

On January 22, 2014, Defendant Samuel Adolfo Munguia-Cortes was charged by Indictment (docket number 1) with conspiracy to distribute a controlled substance. At the arraignment on January 29, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on March 31, 2014. Defendant waived his right to a detention hearing, subject to his ability to request and receive a prompt hearing at a later time. On February 5, 2014, Defendant asked for a detention hearing, and a hearing was scheduled on February 10, 2014.

Franklin County Deputy Sheriff Aaron Dodd, who is currently assigned to the North Central Iowa Narcotics Task Force, testified regarding the circumstances underlying the instant charge. In March 2013, task force officers were investigating Defendant's

possible involvement in the distribution of methamphetamine. On March 24, 2013, Nathan McGrane (who is a codefendant in this case) was arrested in possession of 6.2 grams of 100% pure methamphetamine. McGrane was arrested after being seen leaving a bar building owned by Defendant. Another alleged coconspirator, Cynthia Huebner, has already pleaded guilty to federal drug charges. Huebner was arrested on June 17, 2013 with 124 grams of 100% pure methamphetamine. Huebner told authorities that Defendant was her source of methamphetamine in 2012 and 2013. According to Huebner, in March and April 2013, Defendant provided her with approximately 3.5 ounces of methamphetamine per week.

On August 14, 2013, Defendant was arrested on an unrelated matter. He was found in possession of 5.23 grams of 100% pure methamphetamine. When Defendant was interviewed the following day, he admitted the methamphetamine was his and said he purchased it from someone in Clarion. Defendant also admitted that he used some and gave some away.

According to the pretrial services report, Defendant is 30 years old. He was born in Mexico and entered the United States illegally in 2001. His mother and two brothers continue to reside in Mexico. Defendant is married and has two children (ages 8 and 7). Prior to his arrest, Defendant was living with his wife and children in Corwith, Iowa, and would return there if released.

Defendant is unemployed, having last worked in October 2010. According to Defendant, he is financially supported by his wife. Defendant is in good health and has no history or mental or emotional health concerns. Defendant told the pretrial services officer that in 2012, he used methamphetamine once a week for one year, but has not used since that time.

In 2002, at age 18, Defendant was charged with operating while intoxicated, but pleaded guilty to reckless driving and public intoxication. In 2004, Defendant was

convicted of domestic abuse assault. In 2007, Defendant was convicted of operating while intoxicated.

On August 4, 2013, Defendant was charged in state court with a controlled substance violation, furnishing a controlled substance to an inmate, and possession of drug paraphernalia. The third charge is still pending, but the first two charges were dismissed after the grand jury returned the instant federal charge. On August 16, 2013, while the charges were pending, Defendant was charged and later convicted of interference with official acts and disorderly conduct. On November 1, 2013, Defendant was charged and later convicted of operating a motor vehicle while intoxicated, second offense.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f).

The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute a controlled substance. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

There is a rebuttable presumption that Defendant should be detained pending the trial. If convicted of Count 1 as charged, Defendant faces a mandatory minimum 10 years in prison. This is a factor in considering Defendant's risk of flight. The Court notes that Defendant is in this country illegally and has ties to Mexico. This is also a factor in considering risk of flight. While Defendant was living with his wife and two children, he

has not been employed for more than three years. Given all of the facts and circumstances, including the rebuttable presumption, the Court concludes that Defendant should be detained pending the trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Defendant's oral request for a detention hearing (February 5, 2014) to the filing of this Ruling (February 10, 2014) shall be excluded in computing

the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 10th day of February, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA